Jeremy Branch, Esq. (SBN:303240)
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front St. Suite 201
Temecula, CA 92590
T: (866) 329-9217 ext. 1009
F: (714) 362-0097
E: JeremyB@jlohman.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY RICHARDS, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| -v- | ) **PLAINTIFF'S COMPLAINT** |
| | ) **AND EMAND FOR JURY TRIAL** |
| EXPERIAN INFORMATION SOLUTIONS INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, JEFFREY RICHARDS ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendant EXPERIAN INFORMATION SOLUTIONS, INC., ("EXPERIAN").

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

- 1 -

## Parties

2. Plaintiff is a natural person at all times relevant residing in Union County, in the City of New Columbia, in the State of Pennsylvania.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. EXPERIAN is a business entity with its headquarters located in Costa Mesa, California and conducting business in the State of Pennsylvania.

5. EXPERIAN is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

6. EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

8. EXPERIAN, along with Equifax and TransUnion, who are not a party to this action is a "Consumer Reporting Agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

9. At all times relevant to this Complaint, Defendants acted through their agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

10. At all relevant times, consumer reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

**Jurisdiction and Venue**

11. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

12. Venue is proper pursuant to 28 U.S.C § 1391(b) as the Defendant resides within this District.

**Factual Allegations**

13. EXPERIAN has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history (hereinafter referred to as "inaccurate information").

14. The inaccurate information of which Plaintiff complains are accounts or trade-lines that reflect Plaintiff's history of credit for a credit card account with Chase, with an account number ending in 3954 (hereinafter referred to as the "Account").

15. On or about October 19, 2017, Plaintiff and Chase agreed to settle the Account to be paid in monthly payments commencing October 27, 2017 and ending September 27, 2018.

16. On or about September 27, 2018, Plaintiff satisfied the settlement terms on the Account by making a final payment, totaling $1,249.80.

17. Plaintiff satisfied the terms of the aforementioned agreement by timely making the agreed monthly payments, thereby extinguishing any obligation regarding the Account.

18. Despite the foregoing, EXPERIAN continued to report inaccurate information concerning in the Account and, upon information and belief, disseminated credit reports containing said inaccuracies.

19. On or about August 6, 2020, Plaintiff disputed the inaccurate information through EXPERIAN'S website portal.

20. Plaintiff's written dispute explained that the Account had been settled and paid, included a copy of the written agreement memorializing the settlement of the Account, and that the credit report failed to accurately reflect the true nature of the Account.

21. Pursuant to its responsibility in 15 U.S.C. § 1681i, within five (5) days of Plaintiff disputing the inaccurate information with EXPERIAN, EXPERIAN was to notify Chase of Plaintiff's dispute regarding the accuracy of the information they provided concerning the Account.

22. Upon information and belief, EXPERIAN failed to notify Chase of Plaintiff's dispute.

23. Notwithstanding Plaintiff's efforts, as of November 9, 2020, EXPERIAN continued to publish and disseminate inaccurate information concerning the Account on Plaintiff's credit report.

24. Specifically, EXPERIAN reported Account with an unpaid balance and listed a "Charge off" rating for October 2018. This information is inaccurate since Plaintiff satisfied the terms of his agreement on September 27, 2018.

25. The inaccurate information concerning the Account as reported on the credit report negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

26. Despite Plaintiff's efforts to date, EXPERIAN has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform responsible reinvestigations of the aforementioned dispute as required by the FCRA, have failed to remove the inaccurate information, and have continued to report the derogatory and inaccurate information about Plaintiff with respect to the Account.

27. If EXPERIAN would have complied with their statutory duties, the inaccurate information regarding the Account would not have been reported.

28. As a result of EXPERIAN's conduct, Plaintiff has suffered actual damages as the inaccurate information being reported on Plaintiff's credit report have impeded Plaintiff's ability to obtain credit or favorable terms in financing an

interest, caused Plaintiff to incur out of pocket expenses associated with disputing the inaccurate information only to find the inaccurate information remains on the credit report, emotional distress and mental anguish associated with having incorrect derogatory personal information being reported on the credit report, and a decreased credit score which may result in the inability to obtain credit or favorable terms on future attempts.

## COUNT I –EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

30. Pursuant to 15 U.S.C. §§ 1681n and 1681o, EXPERIAN is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681e(b)

    a. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file.

31. This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, EXPERIAN is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT II –EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

33. Pursuant to 15 U.S.C. §§ 1681n and 1681o, EXPERIAN is liable to Plaintiff for engaging in the following conduct in violation of 15 U.S.C. § 1681i

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a); and

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

34. This conduct was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, EXPERIAN is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: March 22, 2021

/s/ Jeremy Branch
 Jeremy Branch (SBN:303240)
 Attorney for Plaintiff,
 JEFFREY RICHARDS